| | |
|---|---|
| ONILEA PARROTT )<br>193 NW 21st Road )<br>Warrensburg, Missouri 64093, )<br>)<br>and )<br>) | Case No. _____ |
| DWIGHT PARROTT )<br>279 NE MM Highway )<br>Knob Noster, Missouri 64093, )<br>)<br>and )<br>)<br>MARLIN PARROTT )<br>204 NW 21st Road )<br>Warrensburg, Missouri 64093, )<br>)<br>and )<br>)<br>MONTE PARROTT )<br>192 SW Route 13 )<br>Warrensburg, Missouri 64093, )<br>)<br>and )<br>)<br>TABATHA PARROTT )<br>192 SW Route 13 )<br>Warrensburg, Missouri 64093, )<br>)<br>and )<br>)<br>MONTE AND TABATHA PARROTT, LLC, )<br>192 SW Route 13 )<br>Warrensburg, Missouri 64093, )<br>)<br>Plaintiffs, )<br>)<br>V. )<br>) | |

| | |
|---|---|
| UNITED STATES POSTAL SERVICE | ) |
| Serve: | ) |
|     U.S. Attorney, Mid-American District | ) |
|     United States Postal Service | ) |
|     300 W. Pershing Road | ) |
|     Kansas City, MO 64108-9331, | ) |
| | ) |
| And | ) |
| | ) |
|     ATTORNEY GENERAL OF THE | ) |
|     UNITED STATES OF AMERICA | ) |
|     950 Pennsylvania Avenue, NW | ) |
|     Washington, DC 20530-0001, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

### COUNT I

COME NOW Plaintiffs, and for their cause of action against Defendant for the death of Claude Dean Parrott, alleges and states as follows:

### JURISDICTION AND VENUE

1. At all times and places relevant herein, and on September 11, 2017, Plaintiff, Onilea Parrott, was the wife of Claude Dean Parrott and a resident and citizen of Johnson County, Missouri.

2. At all times relevant herein, Plaintiffs, Dwight Parrott, Marlin Parrott and Monte Parrott, were the children of Claude Dean Parrott, deceased, and Onilea Parrott.

3. Plaintiffs are the only persons entitled to bring this action for the wrongful death of Claude Dean Parrott pursuant to Missouri Revised Statute §537.080. Claude Dean Parrott's parents predeceased him. Plaintiffs bring this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, to recover damages for wrongful death. Pursuant to the FTCA, the United States is responsible for money damages, for injury or loss of property, or

personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States Government while acting within the scope of his or her office or employment.

4. At all times and places relevant herein, and on September 11, 2017, Claude Dean Parrott was a citizen and resident of Johnson County, Missouri, and the husband of Onilea Parrott.

5. Venue is proper in the United States District Court for the Western Division because the events giving rise to the subject motor vehicle wreck of September 11, 2017, and wrongful death of Claude Dean Parrott and Plaintiffs' damages and wrongful death claim occurred in this District. Venue is proper in this District Court under 28 U.S.C. § 1402(b) and 28 U.S.C. § 1391(e) because Plaintiffs reside in the Western District of Missouri, the acts or omissions occurred in the Western District of Missouri, and the U.S. District Court has exclusive jurisdiction over Defendants in any action brought under the Federal Tort Claims Act.

6. This Court has jurisdiction over the parties and subject matter of this wrongful death suit pursuant to the FTCA, 28 U.S.C. § 1346(b).

7. On April 3, 2018, Plaintiffs submitted their wrongful death claim and Form 95 to the U.S. Post Office C/O Tort Claims Investigations Mid America District, Kansas City, Missouri, which were delivered and received on April 6, 2018. (See Plaintiff's Exhibit 5, which is incorporated by reference.)

8. More than six (6) months have expired since mailing Plaintiffs' Form 95 to the United States Post Office without a rejection of Plaintiffs' claims.

9. Plaintiffs' damages and the wrongful death of Claude Dean Parrott was caused by the wrongful and negligent conduct of Kristal Lockhart, a government employee with the United State Postal Service under circumstances where the United States Postal Service, if a private

person, would be liable to Claude Dean Parrott and Plaintiffs in accordance with Missouri Revised Statutes §537.080 and §537.090. The United States Postal Service is an agency of the United States of America. On September 11, 2017, and all times relevant herein, the United States of America was operating a Post Office in Johnson County, Missouri.

10. On September 11, 2017, at approximately 2:00 p.m., Claude Dean Parrott was seriously injured in a motor vehicle wreck in Johnson County, Missouri, involving a 1993 GMC LLV mail truck driven by Kristal Lockhart. (See Plaintiff's Exhibit 1, which is incorporated by reference). Claude Dean Parrott died as a direct and proximate result of injuries sustained in that motor vehicle wreck.

11. At all times and places relevant herein, and on September 11, 2017, Kristal Lockhart was and is a citizen and resident of Johnson County, Missouri, an agent of the United States Postal Service, and she was acting within the scope of her employment with the United States Postal Service at the time of the subject motor vehicle wreck, which caused Claude Dean Parrott's death.

12. On September 11, 2017, at approximately 2:00 p.m., Claude Dean Parrott was lawfully operating a 1997 Ford L8000 Dump Truck southbound on Missouri 13 Highway approaching County Road SE 300 in Johnson County, Missouri. (See the Missouri Uniform Crash Report marked "Plaintiff's Exhibit 1," which is attached hereto and incorporated by reference). Because the event giving rise to this cause of action occurred in the State of Missouri, satisfying the most significant relationship test in this action for wrongful death, Missouri substantive law applies.

13. At the aforesaid time and place, Kristal Lockhart was carelessly, recklessly and negligently operating a 1993 GMC LLV Mail Truck eastbound on County Road SE 300 when

she attempted to cross Missouri 13 Highway without yielding the right of way to the motor vehicle Claude Dean Parrott was operating causing a violent collision. The mail truck was owned by the United States Postal Service and it controlled and had the right to control the conduct and driving of Kristal Lockhart at all times and places relevant.

14. As a direct and proximate result of said motor vehicle crash, Claude Dean Parrott suffered severe and painful injuries and he ultimately died as a direct result of those injuries.

15. Claude Dean Parrott died as a result of the injuries suffered in the motor vehicle wreck of September 11, 2017, caused by the carelessness and negligence of Kristal Lockhart and Defendant as pled herein. (See Plaintiffs' Exhibit 3).

CLAIM FOR RELIEF

16. At all times relevant herein, Kristal Lockhart was an employee and agent of Defendant, United States Postal Service, and at the time of the subject motor vehicle wreck of September 11. 2017, was delivering mail rendering the United States Postal Service legally liable for the negligence of Kristal Lockhart in causing the subject motor vehicle wreck and the death of Claude Dean Parrott and Plaintiffs' resulting damages.

17. At the times and places relevant herein, and on September 11, 2017, at the time of the subject motor vehicle crash, Kristal Lockhart was careless, negligent, reckless and at fault in causing the subject motor vehicle wreck, the death of Claude Dean Parrott and Plaintiffs' resulting damages, in the following respects, to-wit:

    a. she failed to yield the right-of-way to the motor vehicle driven by Claude Dean Parrott in violation of Missouri Revised Statute §304.351 constituting negligence per se (See Plaintiff's Exhibit 3, which is incorporated by reference);

    b. she failed to keep a careful lookout for the roadway and for the motor vehicle driven by Claude Dean Parrott;

c.  she knew, or by the use of the highest degree of care could have known, that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, slackened her speed, sounded a warning, slackened her speed and sounded a warning, or swerved and sounded a warning, but Kristal Lockhart failed to do so;

d.  she failed to keep the motor vehicle she was operating under proper control and in her lane;

e.  she failed to lawfully stop her motor vehicle before striking the motor vehicle driven by Claude Dean Parrott;

f.  she drove at a speed, which made it impossible to stop within the range of her visibility when she struck the motor vehicle driven by Claude Dean Parrott;

g.  she drove in a careless and imprudent manner by failing to see the motor vehicle driven by Claude Dean Parrott and failing to yield the right of way in violation of Missouri Revised Statutes §304.012, §304.014, §304.015 and §304.351 constituting negligence per se;

h.  she failed to avoid a collision with the motor vehicle driven by Claude Dean Parrott;

i.  she drove at an excessive speed under the circumstances then and there existing and too fast for conditions;

j.  she failed to slow or stop her vehicle before causing a collision with the motor vehicle driven by Claude Dean Parrott;

k.  she failed to take timely and/or appropriate evasive action prior to collision with the motor vehicle driven by Claude Dean Parrott;

l.  she failed to lawfully or otherwise slow or stop her vehicle prior to the collision with the motor vehicle driven by Claude Dean Parrott;

m.  she failed to steer right or left to avoid a collision with the motor vehicle driven by Claude Dean Parrott;

n.  she violated Missouri Revised Statute §304.012 constituting negligence per se;

o.  she violated the rules of the road as pled herein and as required by Missouri Revised Statute §304.014 constituting negligence per se;

p.  she failed to yield the right of way to the motor vehicle driven by Claude Dean Parrott in violation of Missouri Revised Statute §304.351;

q.  she violated Missouri Revised Statutes §304.010, §304.012, §304.014, §304.015 and §304.351 constituting negligence per se;

r.  she drove at a speed which made it impossible for her to stop within the range of her visibility;

s.  she endangered the lives of Claude Dean Parrott and the traveling public by driving in a careless and imprudent manner in violation of Missouri Revised Statutes §304.012, §304.014, §304.315 and §304.351 and as pled herein;

t.  she failed to timely slow or brake before the subject collision;

u.  she failed to drive attentively;

v.  she pulled out in front of the motor vehicle driven by Claude Dean Parrott when it was not safe to do so;

w.  she was charged with operating a motor vehicle in a careless and imprudent manner involving an accident by failing to yield to another vehicle causing the death of another person;

x.  she pled guilty to operating a motor vehicle in a careless and imprudent manner involving an accident by failing to yield to another vehicle causing the death of another person in violation of Missouri Revised Statute §304.012 constituting negligence per se (See Plaintiff's Exhibits 120);

y.  she drove while distracted; and

z. she tried to dart across the highway when it was not safe to do so.

18. As a direct and proximate result of the September 11, 2017, motor vehicle crash described herein, Claude Dean Parrott sustained serious and life threatening injuries and incredible pain and suffering prior to his death. The medical treatment to treat and try to save his life cost over $136,424.47.

19. Pursuant to Missouri Revised Statute §537.090, Plaintiffs pray for all damages allowed including actual damages and for such damages Claude Dean Parrott suffered between the time of injury and the time of his death and for the recovery of which he could have maintained had death not ensued. Plaintiffs request the trier of fact to consider the aggravating circumstances attending the subject motor vehicle wreck and the death of Claude Dean Parrott as alleged herein and to award aggravated circumstance damages pursuant to Missouri Revised Statute §537.090.

20. Plaintiffs are legally entitled to recover damages from Defendant because of the wrongful death of Claude Dean Parrott, and the bodily injury suffered by her prior to her death pursuant to Missouri Revised Statute §537.090.

21. As a direct and proximate result of the aforesaid carelessness, negligence, recklessness and fault of Kristal Lockhart, Claude Dean Parrott was seriously injured as set forth herein, which resulted in his death and he sustained personal injuries and damages prior to his death in the way of pain, suffering and massive injuries. Claude Dean Parrott survived the initial crash and was taken by ambulance to Research Medical Center. The medical providers noted Claude Dean Parrott suffered from traumatic hemopneumothorax; cardiogenic shock; respiratory failure; closed head injury/loss of consciousness; bilateral pulmonary contusions; multiple left sided rib fractures; fracture of C-7; cardiomyopathy; right upper lip laceration; right had

abrasion; right anterior scalp laceration; left forehead abrasion; left elbow laceration; dislocation of left acromioclavicular joint; hypertension; hyperlipidemia; insertion of endotracheal tube; respiratory ventilation and drainage of left pleural cavity. He died on September 14, 2017, as a direct result of the injuries suffered in the subject motor vehicle wreck.

22. As a direct and proximate result of the conduct and actions of Kristal Lockhart and of the death of Claude Dean Parrott, Plaintiffs sustained damages and have been and will continue to be permanently deprived of the reasonable value of the society, consortium, service, affection, income, comfort, support, love and companionship of Claude Dean Parrott, such as existed prior to the aforesaid motor vehicle wreck and they have suffered damages in the past and will continue to suffer damages in the future.

23. As a direct result of the death of Claude Dean Parrott, there were funeral and other related expenses for which Plaintiffs are obligated to pay and/or have paid. Plaintiffs have and will suffer past and future losses of support as a result of the untimely death of Claude Dean Parrott.

24. Pursuant to Missouri Revised Statute §537.090, Claude Dean Parrott, by and through the Plaintiffs herein, prays for fair and reasonable damages as and for his personal injuries and damages suffered after the aforesaid motor vehicle collision and prior to his death, along with all other damages allowed pursuant to Missouri law including aggravated circumstance damages.

25. As a direct and proximate result of the carelessness, recklessness and negligence of Kristal Lockhart, all as aforesaid and of said collision Plaintiffs have been permanently damaged and injured as a result of the death of Claude Dean Parrott.

26. In accordance with Missouri law, Plaintiffs pray for fair and reasonable actual damages against Defendant as allowed by Missouri law, for all other allowed damages under Missouri Revised Statute §537.090, for the personal injuries, pain and damages suffered by Claude Dean Parrott prior to his death and for prejudgment and post-judgment interest and the statutory court costs, including all depositions pursuant to Missouri Revised Statute §492.590.

27. Plaintiffs incorporate by reference all allegations in Count II as though more fully set forth herein.

WHEREFORE, Plaintiffs pray for judgment against Defendant for fair and reasonable actual damages and aggravated circumstantial damages, for prejudgment and post-judgment interest at the lawful rate per annum, for Claude Dean Parrott's pain and suffering before his death and for such other and further relief as the Court shall deem just and proper under the facts and circumstances including all statutory court costs and all deposition costs and expenses pursuant to Missouri Revised Statute §492.590.

## COUNT II

Comes now Plaintiffs, Monte and Tabatha Parrott, LLC, and individually and for their cause of action against Defendant, alleges and states as follows:

1. On September 11, 2017, and at all times relevant herein Plaintiffs and Kristal Lockhart are residents and citizens of Missouri.

2. On September 11, 2017, Plaintiffs, Monte and Tabatha Parrott, LLC, and individually, were the legal title owner of the 1997 Ford L8000 Dump Truck being driven by Claude Dean Parrott at the time of the subject motor vehicle wreck with Kristal Lockhart. (See Plaintiff's Exhibit 117.)

3. On September 11, 2017, Kristal Lockhart was involved in a motor vehicle wreck in which Plaintiffs' 1997 Ford L8000 Dump Truck was totaled as a result of Kristal Lockhart's negligence as pled herein. (See Plaintiff's Exhibit 1.)

4. As a direct result of the motor vehicle wreck of September 11, 2017, Plaintiffs' 1997 Ford L8000 Dump Truck was damaged in the amount of $24,025 to wit: the difference in the Fair Market Value immediately before and after said motor vehicle wreck was $24,025. (See Plaintiff's Exhibit 118.)

7. Plaintiffs have been deprived of the use of his dump truck for his business as it was totaled as a result of the motor vehicle wreck of September 11, 2017, for which Plaintiffs seek fair and reasonable damages.

8. Plaintiffs, Monte and Tabatha Parrott, LLC, and individually, pray for fair and reasonable damages against Defendant for the total property damage losses herein and for his loss of use of his motor vehicle.

9. Plaintiffs incorporate by reference all allegations in Count I as though more fully set forth herein.

WHEREFORE, Plaintiffs, Monte and Tabatha Parrott, LLC, and individually, pray for fair and reasonable damages against Defendant for their property damages and related losses, for the statutory court costs, including all deposition costs and expenses pursuant to Missouri Revised Statute §492.590 and for such other and further relief the Court shall deem just and proper.

|  | */s/Andrew J. Gelbach* | |
|---|---|---|
|  | ANDREW J. GELBACH | #26003 |
|  | Fred Branson | #62079 |
|  | Samuel M. Gonzalez | #69089 |
|  | Professional Corporation | |
|  | Attorney at Law | |
|  | 109 East Market Street | |
|  | Post Office Box 375 | |
|  | Warrensburg, MO 64093 | |
|  | Telephone: (660) 747-5138 | |
|  | Fax: (660) 747-8198 | |
|  | agelbach@gelbachlaw.com | |

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I, Andrew J. Gelbach, hereby certify that on this 8th day of January 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system a copy of the foregoing instrument will be included in the summons packet to be served upon Defendants and a copy was mailed to the following:

Mr. David Kupper
Law Department
National Tort Center
United States Postal Service
1720 Market Street
Room 2400
St. Louis, MO 63155-9948

*/s/Andrew J. Gelbach*
ANDREW J. GELBACH

## CERTIFICATION UNDER RULE 55.03(a)

Pursuant to Rule 55.03(a), the undersigned certifies that he signed an original of this pleading and that an original of this pleading shall be maintained for a period not less than the maximum allowable time to complete the appellate process.

/s/Andrew J. Gelbach
ANDREW J. GELBACH
Attorney for Plaintiff