IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ONILEA PARROTT, et al.,                )
                                       )
                 Plaintiffs,           )
                                       )
vs.                                    )      Case No. 19-00019-CV-W-ODS
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                 Defendant.            )

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss. Doc. #7. For the following reasons, Defendant's motion to dismiss is granted.


## I.     BACKGROUND

On September 11, 2017, Claude Dean Parrott was involved in an automobile accident involving a vehicle driven by United States Postal Service ("USPS") employee Kristal Lockhart, and as a result of the injuries he sustained, Parrott died. In January 2019, Onilea Parrott (decedent's wife); Dwight Parrott, Marlin Parrott, and Monte Parrott (decedent's children); Tabatha Parrott (decedent's daughter-in-law); and Monte and Tabatha Parrott LLC ("the LLC") filed this lawsuit pursuant to the Federal Tort Claims Act ("FTCA"). In Count I, all Plaintiffs seek damages pursuant to Missouri's wrongful death statute. In Count II, Monte Parrott, Tabatha Parrott, and the LLC seek recovery of the fair market value of the vehicle (a 1997 Ford L8000 Dump Truck) that was damaged in the accident. Defendant moves to dismiss all claims brought by Tabatha Parrott and the LLC and Count II in its entirety.


## II.    LEGAL STANDARDS

Defendant moves to dismiss certain claims arguing the Court lacks subject matter jurisdiction over those claims. When considering a "factual attack" to jurisdiction, "the court considers matters outside the pleadings…." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). This Court "is free to weigh the evidence and satisfy

itself as to the existence of its power to hear the case." *Id.* at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The burden of proving jurisdiction exists rests with the plaintiff. *Id.*

Defendant moves to dismiss other claims arguing Plaintiffs fail to state a claim upon which relief may be granted. The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court "must accept as true…the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows a reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013).

### III.     DISCUSSION

#### A.     Count I

Defendant moves to dismiss Tabatha Parrott's and the LLC's claims in Count I because they are not eligible to bring a wrongful death action.  In Count I, all Plaintiffs allege they "are the only persons entitled to bring this action for the wrongful death of Claude Dean Parrott pursuant to Missouri Revised Statute § 537.080."  Doc. #1, at 1.[1] Missouri's wrongful death statute sets forth classes of individuals who are entitled to file suit.  Mo. Rev. Stat. § 537.080.  The first class includes "[t]he spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive."  *Id.* § 537.080(1).  If there are no persons in the first class, the statute sets forth what other individuals are eligible to file suit.  *Id.* § 537.080(2).

In the Complaint, Onilea Parrott is identified as the decedent's wife, and Dwight Parrott, Marlin Parrott, and Monte Parrott are identified as the decedent's children.  *Id.* at 1.  Plaintiffs allege the decedent's parents predeceased him.  *Id.*  They contend Plaintiffs are the "only persons entitled to bring this action."  *Id.*  Although Count I is brought by all Plaintiffs, neither Tabatha Parrott's nor the LLC's relationship to the decedent is identified in the Complaint.  In response to Defendant's motion to dismiss, Plaintiffs identify the "statutory Class I claimants" as the decedent's spouse and children.  Doc. #12, at 1.  Plaintiffs do not mention or argue Tabatha Parrott and the LLC are eligible to bring suit under the Missouri wrongful death statute, ostensibly conceding such an argument.

Even if Plaintiffs had not conceded such an argument, Tabatha Parrott and the LLC have not sufficiently alleged a plausible claim under the Missouri wrongful death statute.  Because they have failed to state a claim under Count I, the Court grants Defendant's motion, and dismisses Tabatha Parrott's and the LLC's claims in Count I.[2]

---

[1] Page citations refer to the pagination ECF applied to documents filed by the parties.
[2] Because the Court dismisses these claims pursuant to Defendant's first argument, it is unnecessary for the Court to address Defendant's alternative argument for dismissal of these claims.

## B.     Count II

In Count II, Monte Parrott, Tabatha Parrott, and the LLC seek the fair market value of the vehicle that was totaled during the automobile accident on September 11, 2017.  Doc. #1, at 10-11.  Defendant moves to dismiss Count II in its entirety.

### (1)     Monte Parrott's and Tabatha Parrott's Claim

Defendant argues Monte Parrott and Tabatha Parrott fail to state a claim upon which relief may be granted because neither individual owned the vehicle, and therefore, neither individual could recover against a private party under similar circumstances.  According to an exhibit attached to Plaintiffs' Complaint, the vehicle was owned by the LLC and the decedent.  Doc. #1-4.  Plaintiffs do not respond to this argument raised by Defendant, thereby waiving any opposition thereto.  *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009).  Moreover, the Court cannot discern a plausible claim, based upon the alleged facts, under which Monte Parrott or Tabatha Parrot could recover against an individual or entity for damage to a vehicle neither individual owned.  Accordingly, the Court grants Defendant's motion to dismiss Monte Parrott's and Tabatha Parrott's claims in Count II.

### (2)     The LLC's Claim

Defendant argues the LLC's claim in Count II should be dismissed because the LLC's claim was not administratively exhausted.  A "district court does not have jurisdiction over an FTCA claim unless it was first presented to the appropriate federal agency…."  *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (citations and quotations omitted); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (stating "[p]resentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant."); 28 U.S.C. §§ 2401(b), 2675(a).  With regard to property damage, "[a] claim…may be presented by the owner of the property, his duly authorized agent, or legal representative."  28 C.F.R. § 14.3.  A claimant requesting recovery for property damage may be required to submit evidence demonstrating proof of ownership, the amount claimed, itemized receipts, statement of purchase.  *Id.* §14.4(c)(1)-(4).  A claim is "presented" to a federal agency when the "agency receives from a claimant, his duly agent or legal representative" the following:

> [A]n executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2. The Standard Form instructions state a "claim may be filled [sic] by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant." Doc. #1-3, at 10. Such a claim "must be presented in the name of the claimant." *Id.* "If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative." *Id.*

The Eighth Circuit has held a "properly 'presented' claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." *Mader v. United States*, 654 F.3d 794, 803 (8th Cir. 2011) (en banc). "The presentation of such evidence is not a pointless administrative hurdle – it is fundamental to the meaningful administrative consideration and settlement process contemplated in §§ 2675(a) and 2672." *Id.* at 803-04. The Eighth Circuit noted this obligation is "far from burdensome" because if a person is "duly authorized to present an FTCA claim on behalf of beneficiaries under applicable state law, evidence of such authority is uniquely in the representative's possession." *Id.* at 804.

Defendant moves to dismiss the LLC's property damage claim, arguing the LLC did not administratively exhaust its claim, and therefore, the Court does not have subject matter jurisdiction. Defendant also contends Monte Parrott's claim to USPS for property damage does not satisfy the requirements for the LLC to bring an FTCA claim in this Court because Monte Parrott did not show he was the vehicle's owner and he did not demonstrate he was authorized to make a claim on the LLC's behalf.

Because Defendant challenges subject matter jurisdiction, Plaintiffs bear the burden of establishing jurisdictional facts. *Osborn*, 918 F.2d at 729 n.6. Plaintiffs do not dispute that the LLC did not file an administrative claim. They also concede a claim for

property loss may be presented by the property's owner or the owner's duly authorized agent or legal representative. Doc. #12, at 2-3.

Nonetheless, Plaintiffs argue Monte Parrott, who they identify as one of the LLC's organizers, was authorized to file a claim on the LLC's behalf. In the claim form that Monte Parrott submitted to USPS, the claimants are identified as Onilea Parrott, Dwight Parrott, Marlin Parrott, and Monte Parrott. Doc. #1-3, at 9. On the same form, the LLC and decedent were listed as the owners of the property at issue. *Id.* Accompanying his claim were (1) the vehicle's certificate of title, (2) a registration receipt for the vehicle, (3) an accident report from the Missouri State Highway Patrol ("MSHP"), and (4) an appraisal report for the vehicle. *Id.* at 1-2, 16, 52-53, 57-101. The certificate of title and registration receipt demonstrate the LLC was one of the vehicle's owners, the MSHP report lists the LLC and Parrott Concrete Foundations as the vehicle's owners, and the appraisal report named the LLC as the vehicle's owner. *Id.* at 16, 52-53, 76. Based upon the information and documents provided to USPS, Plaintiffs argue Monte Parrott provided sufficient notice and evidence of his agency and/or authority to make a claim on behalf of the LLC.[3]

Plaintiffs have not met their burden of establishing the LLC's claim was properly presented. Plaintiffs failed to provide USPS with evidence of Monte Parrott's authority to submit a claim on the LLC's behalf. *Mader*, 654 F.3d at 801-02 (concluding the failure to present evidence of authority contradicts the purpose of administratively exhausting a claim, and finding the plaintiff's refusal to disclose evidence of her status of personal representative resulted in non-compliance with the requirement to administratively exhaust a claim); *Runs After v. United States*, No. 10-3019-RAL, 2012 WL 2951556, at *6 (D. S.D. July 19, 2012) (holding the plaintiff committed the "critical

---

[3] Along with their opposition to the motion to dismiss, Plaintiffs submit what appear to be the LLC's Articles of Organization and screenshots from the Missouri Secretary of State's website. Doc. #12-2. These documents indicate Monte Parrott is the LLC's registered agent, the LLC's registered office is located at the same address listed for its registered agent, and Monte Parrott was one of the LLC's organizers. *Id.* Plaintiffs, however, do not establish these documents were provided to USPS along with Monte Parrott's claim. In fact, according to Plaintiffs' Complaint and exhibits thereto, these documents were not provided to USPS. Doc. #1; Doc. #1-4. In addition, Plaintiffs do not provide a basis for the Court to consider this information and these documents. Even if the Court could consider the documents, there is no evidence that Monte Parrott was authorized by the LLC to file a claim with USPS on the LLC's behalf.

error" of failing to provide "the appropriate agency with evidence of [his] authority to represent the FTCA claimant in question."), *aff'd sub nom. After v. United States*, 511 F. App'x 596, 597 (8th Cir. 2013) (relying on *Mader*, and finding the plaintiff failed to satisfy the presentment requirement and did not present authority for the court to create an exception to the requirement). As the Eighth Circuit noted, "agencies simply cannot meaningfully consider FTCA claims with an eye towards settlement if representatives fail to first present evidence of their authority to act on behalf of claims' beneficiaries." *Mader*, 654 F.3d at 803.

This Court is bound by *Mader*. Because Monte Parrott did not present evidence to USPS of his authority to act on LLC's behalf and file a claim on the LLC's behalf for property damage, he did not properly present a claim on the LLC's behalf under 28 U.S.C. § 2675(a). *Id.* at 803. As noted above, this Court does not have jurisdiction over an FTCA claim unless the claim was properly presented to the appropriate federal agency. Due to Monte Parrott's failure to properly present the LLC's claim to USPS and pursuant to *Mader*, this Court must dismiss Count II due to lack of subject matter jurisdiction.

## IV.    CONCLUSION

Based upon the foregoing, the Court grants Defendant's Motion to Dismiss. The Court dismisses Tabatha Parrott's and the LLC's claims under Count I and dismisses Count II in its entirety.

IT IS SO ORDERED.

DATE:  July 18, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT