IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ONILEA PARROTT, et al.,          )
                                 )
              Plaintiffs,        )
                                 )
vs.                              )      Case No. 19-00019-CV-W-ODS
                                 )
UNITED STATES OF AMERICA,        )
                                 )
              Defendant.         )

ORDER AND OPINION DENYING MISSOURI
EMPLOYERS MUTUAL'S MOTION TO INTEVENE

Pending is a motion to intervene filed by Missouri Employers Mutual ("MEM").
Doc. #68.  For the following reasons, the motion is denied.


I.      BACKGROUND

In September 2017, Claude Parrott was involved in an automobile accident
involving a vehicle driven by United States Postal Service ("USPS") employee Kristal
Lockhart.  As a result of the injuries he sustained, Parrott died.  In January 2019, Onilea
Parrott, Dwight Parrott, Marlin Parrott, and Monte Parrott filed this lawsuit pursuant to
the Federal Tort Claims Act ("FTCA") seeking damages pursuant to Missouri's wrongful
death statute.[1]  Doc. #1.  Discovery closed in December 2019, and Defendant filed a
motion for partial summary judgment in January 2020.  Docs. #23, 61.

On February 12, 2020, MEM moved to intervene in this matter.  Doc. #68.  MEM
provided workers' compensation insurance coverage to Monte and Tabatha LLC ("the
LLC"), which employed Claude Parrott.  *Id.* at 1-2.  It was during the scope and course
of his employment with LLC that Claude Parrott was involved in the automobile accident

---

[1] Monte and Tabatha Parrott LLC ("the LLC") and Tabatha Parrott ("Tabatha") were also
named Plaintiffs.  Doc. #1.  In July 2019, the Court dismissed their claims because they
did not allege plausible claims under the Missouri wrongful death statute and the LLC
did not administratively exhaust its claim under the FTCA.  Doc. #29.

that led to his death.  *Id.* at 2.  MEM paid and continues to pay worker's compensation benefits to Onilea Parrott, Claude Parrott's surviving dependent.  *Id.* at 1-3.

MEM contends it is entitled to intervene in this matter because it is a real party in interest, it has an interest in the property at issue, and its interests are not adequately protected by the parties.  *Id.* at 3-5.  MEM maintains it has the right to intervene, bring a lawsuit under the FTCA, and recover damages from Defendant for the wrongful death of Claude Parrott.  Doc. #68-1, ¶¶ 6-8, 11-27.  In the alternative, MEM seeks permissive intervention because the matter involves the same question of law and fact.  *Id.* at 5.

Plaintiffs and Defendant oppose MEM's motion.  Plaintiffs argue MEM fails to demonstrate an unconditional or conditional right to intervene.  Doc. #71.  Defendant concedes MEM has a right to sue for wrongful death under Missouri law and it has subrogation and lien rights.  Doc. #72, at 2-3.  However, Defendant maintains MEM's motion must be denied because the Court lacks subject matter jurisdiction.  *Id.* at 3-10.  Defendant also argues Onilea Parrott adequately represents MEM's interests.  *Id.* at 10.

## II.     DISCUSSION
### A.     Subject Matter Jurisdiction

The Court must first address whether it has subject matter jurisdiction over MEM's claim.  *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (stating "[i]t is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case.") (citation omitted).  In a lawsuit brought against the United States, this Court lacks subject matter jurisdiction if the United States has not waived sovereign immunity.  *Id.* at 1088.  MEM has the burden of establishing waiver of sovereign immunity and subject matter jurisdiction.  *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citations omitted).  MEM's motion to intervene does not address waiver of sovereign immunity or subject matter jurisdiction.  *See* Doc. #68.  Likewise, its proposed complaint does not set forth allegations related to waiver of sovereign immunity.  *See* Doc. #68-1.  The proposed complaint asserts the Court has subject matter jurisdiction pursuant to the FTCA.  Doc. #68-1, ¶ 10.

"The FTCA provides both a waiver of sovereign immunity and a jurisdictional grant of authority to the courts to hear certain tort claims against the government."  *First*

2

*Nat'l Bank in Brookings v. United States*, 829 F.2d 697, 700 (8th Cir. 1987) (citations, quotations, and footnotes omitted). Before commencing a lawsuit against the United States under the FTCA, the claimant must first present the claim to the appropriate federal agency, and the claim must have been denied. 28 U.S.C. § 2675(b). The claim is deemed "presented when a Federal agency receives from a claimant…an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain…." 28 C.F.R. § 14.2(a). A tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…" 28 U.S.C. § 2401(b).

This Court "does not have jurisdiction over an FTCA claim" unless a claim is "first presented to the appropriate federal agency." *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (citations and quotations omitted). This is because the Eighth Circuit has determined "[p]resentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (citations omitted); *see also Lunsford v. United States*, 570 F.2d 221, 224 (8th Cir. 1977) (citations omitted).

MEM fails to demonstrate or even plead that it presented an administrative claim to the USPS before attempting to intervene. Doc. #68; Doc. #68-1. In response to MEM's motion, Defendant presents the declaration of Kimberly Herbst, Supervisor, Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center. Doc. #72-1. Therein, Herbst declares her "search of all Postal Service tort claim coordinator database records of administrative tort claims" revealed no administrative claims had been filed by MEM. *Id.* at 2. Because MEM failed to plead and prove it timely presented an administrative claim to the USPS, the Court does not have jurisdiction over MEM's claim. *Allen*, 590 F.3d at 544. Thus, the Court denies MEM's motion to intervene.

Even if the Court were to look beyond MEM's failure to file an administrative claim, MEM's motion to intervene still fails. The FTCA regulations permit an insurer and its insured to individually or jointly file a claim with the USPS. 28 C.F.R. § 14.3(d). MEM could have jointly filed a claim with its insured, the LLC. But that did not happen. It is undisputed that the LLC did not file an administrative claim with the USPS. Doc.

#29, at 5. For this additional reason, the Court lacks subject matter jurisdiction and denies MEM's motion to intervene.

Finally, Defendant argues MEM cannot stand in the shoes of its insured's employee's wrongful death beneficiaries to establish subject matter jurisdiction. Even if MEM was permitted to do so,[2] the administrative claims filed by Plaintiffs did not identify MEM or MEM's alleged claim for money damages. *See* Doc. #1-5. As a result, the USPS did not know MEM claimed money damages resulting from the injuries to and death of Claude Parrott. As a result, the USPS did not have "a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims" prior to MEM seeking to intervene. *Mader v. United States*, 654 F.3d 794, 800-01 (8th Cir. 2011). For this final reason, MEM's motion to intervene is denied.

## B.      Motion to Intervene
### (1)      Intervention of Right

Even if the Court were to assume it has subject matter jurisdiction, it would still deny MEM's motion to intervene. The Federal Rules of Civil Procedure provide a right to intervene to any party who "claims an interest relating to the property…the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *N. Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 921 (8th Cir. 2015) (citation omitted). Minimally, MEM cannot establish the existing parties (and Plaintiffs in particular) do not adequately represent its interest.

MEM contends its interests will not be protected by the existing parties because (1) Plaintiffs "fail[ed] to appropriately plead the correct measure of damages of MEM," and (2) Defendant moved to limit damages. Doc. #68, at 5. First, it is unclear how Plaintiffs failed to appropriately plead the correct measure of damages. In the Complaint, they seek recovery of, among other things, "money damages, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act…of

---

[2] The Eighth Circuit has not addressed whether MEM would be permitted to do so.

any employee" of Defendant; "actual damages"; "aggravated circumstance damages"; "damages [for] bodily injury"; damages for "reasonable value of society, consortium, service, affection, income, comfort, support, love and companionship"; "funeral and other related expenses"; "past and future losses of support"; "all other allowed damages under" Missouri's wrongful death statute; damages for pain suffered by the decedent; prejudgment and post-judgment interest; and "statutory court costs." Doc. #1, ¶ 3, 19-26. MEM's alleged damages, per its proposed complaint, appear to mirror Plaintiffs' requested damages. Doc. #68-1, at 8-9.

Second, MEM does not explain how its interests are not protected by Plaintiffs, particularly when Plaintiffs file their opposition to Defendant's motion to limit damages. As stated in their opposition to MEM's motion to intervene, "[w]hat is good for Plaintiffs, is good for MEM." Doc. #71, at 3. Defendant also points out "MEM's interests are aligned with Plaintiff Onilea Parrott. Both MEM and Ms. Parrott are motivated to obtain the largest amount of damages available under the law for the wrongful death claim…." Doc. #72, at 10. There is no indication that "Ms. Parrott fails to adequately represent MEM's interests…." *Id.*

Because MEM fails to establish the requirements of Rule 24(a)(2) of the Federal Rules of Civil Procedure, the Court, if it were to assume it has subject matter jurisdiction, would deny MEM's motion for intervention of right.

### (2) Permissive Joinder

Finally, even if the Court were to assume it has subject matter jurisdiction, it would deny MEM's alternative request for permissive joinder. The Federal Rules of Civil Procedure allow a court discretion to permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As set forth above, MEM seeks recovery of the same damages Plaintiffs seek, and those alleged damages arise from the same events. In addition, Plaintiffs have been litigating this matter for more than a year, and it was not until recently that MEM claimed Plaintiffs did not adequately represent its interests. But MEM's argument is belied by the fact that Plaintiffs' interests being aligned with MEM's interests in recovering the same damages. Thus, MEM's presence in this lawsuit would

duplicate Plaintiffs' efforts, which would result in greater fees and costs.  For these reasons, the Court declines to exercise its discretion and permit MEM to intervene.[3]

## III.     CONCLUSION

For the foregoing reasons, the Court finds it lacks subject matter jurisdiction and denies MEM's motion to intervene.

IT IS SO ORDERED.

<u>/s/ Ortrie D. Smith</u>
DATE:  February 24, 2020                          ORTRIE D. SMITH, SENIOR JUDGE
                                                 UNITED STATES DISTRICT COURT

---

[3] Because MEM's motion to intervene is denied on other grounds, it is unnecessary for the Court to consider whether MEM's motion was "timely" as required by Rule 24.  Fed. R. Civ. P. 24(a).